## C. P. SANDVIG, Plaintiff, v. LARS KLEPPE, Defendant.

### (175 N. W. 724.)

**Landlord and tenant — where both sides give evidence as to terms of contract the jury may properly pass upon the contract.**

1. Where a lease to a certain tract of land was oral, and there was a dispute as to what were the actual terms of the lease, and testimony was in-

troduced by each of the parties as to what were the terms, what the terms of the lease actually were was a question of fact for the jury.

**Landlord and tenant — sufficiency of evidence required to sustain verdict.**

2. Plaintiff having recovered for the value of certain hay alleged to have been converted by the defendant, it is *held* the verdict is sustained by the evidence.

Opinion filed December 10, 1919.

This is an appeal from the District Court of Ward County, *K. E. Leighton*, J.

Judgment affirmed.

*Halvor L. Halvorson* for appellant.

*Moody O. Eide* and *C. B. Davis*, for respondent.

An agreement cannot be held uncertain if the court can see what the parties intended and enforce the same. 9 Cyc. 250, and authorities cited.

A promise not in itself certain can be rendered certain by reference to something certain. Supra; Coldwell v. School Dist. 55 Fed. 372; Lungerhausen v. Crittenden (Mich.) 61 N. W. 270.

Contracts must be interpreted to give effect to mutual intention as it existed at the time of the contracting as far as the same is ascertainable. See N. D. Comp. Laws 1913, § 5896, and cases cited thereunder.

A contract may be explained by reference to circumstances under which it was made and the matter to which it relates. See N. D. Comp. Laws 1913, § 5907, and cases cited.

A demand to place the defendant in the wrong must be clear and absolute in its terms, and leave nothing to conjecture. The C. T. v. Taylor, 88 N. E. 331; Miller v. Smith, 1 Phila. 173.

While the plaintiff may make a demand by an agent, in those cases where demand is prerequisite to an action for trover, yet he must, as a general rule, prove the authority of the agent in the premises. Kendrick v. Beard, 90 Mich. 589, 51 N. W. 645; Tweepell v. Hawkeye Dredge Co. 137 Iowa, 206, 114 N. W. 906.

GRACE, J. The action is one to recover the value of 42½ tons of hay, the property of the plaintiff, appropriated by the defendant to

his own use and benefit, or sold and disposed of by him, with the exception of three stacks of said hay, in the possession of the defendant, and claimed by him as his property.

The defendant claims the hay is his property, with the exception of about 8⅔ tons. It appears that the plaintiff leased from the defendant, the owner, a certain tract of land. The lease was an oral one, and the terms of it were in dispute. What were the terms of it was for the jury to determine under all the evidence properly submitted.

The plaintiff claims that defendant was to furnish everything for the cultivation of the farm, including horses, machinery, seed, and livestock; and that defendant was to furnish all feed for the stock; that plaintiff was to receive, for his share, one fourth of the crops raised on the land, and one half of the increase of stock, and all the hay; that the agreement, with reference to the hay, as made, was later modified so that the plaintiff would receive but one half of the hay for his share.

Defendant claims he was to furnish one half of the feed only, and that plaintiff's share of the hay was 8⅔ tons. There was altogether, 95 tons of hay, of which the plaintiff claimed one half.

At the time the plaintiff took possession of the land, there were 24 tons of hay, of the alleged value of $400, belonging to defendant thereon, which plaintiff used and fed to the stock, claiming a right to do so under the terms of the lease, the defendant claiming conversion thereof by plaintiff.

The defendant further claims to recover for 10 tons of hay, of the alleged value of $100, whch was fed by plaintiff, instead of feeding certain fodder which he claims plaintiff should have fed, and claims further to recover $10 for certain threshing done for plaintiff.

The plaintiff, in his reply, claims certain other set-offs against the claims of the defendant, all of which constituted questions of fact for the jury. The defendant claims that the terms of the lease were similar to a certain lease between one Olson and Hovda.

The jury returned a verdict in plaintiff's favor, fixed his damages, including costs, at $409.49.

Upon the verdict, judgment was entered, and, from that judgment, the defendant appeals and assigned as error the exclusion of certain evidence sought to be introduced; that the court erred in overruling

defendant's motion to dismiss the action, at the close of the defendant's case, and at the close of the evidence, and on the further ground that the verdict is not sustained by the evidence. The court was not in error in overruling defendant's motion to dismiss the action.

The evidence presented certain questions of fact, which it was a province of the jury to determine, and such facts were properly submitted to them, by the court, for their determination.

The verdict is quite well sustained by the evidence. The defendant assigned error because certain evidence, which he sought to introduce with reference to a certain lease betwen Olson and Hovda, was excluded.

Any evidence of what the terms of a lease were between other parties was no evidence of what the lease was between these parties, in the absence of some preliminary showing of an understanding between the plaintiff and the defendant, that the terms of their lease were to be the same as the lease between Olson and Hovda; and further showing that such understanding was had at the time of the entering into the lease between plaintiff and defendant.

Such showing was not made by the defendant, and, of course, such evidence was, in the absence of such showing, wholly incompetent, irrelevant, and immaterial, and the court was not in error in excluding it.

The defendant also assigns as error the failure of the court, upon objection by defendant, to exclude evidence that plaintiff gave as to the value of the hay in question, in stack, on the Kleppe farm, in the fall of 1917. This, on the ground that the plaintiff had laid no foundation for the introduction of such testimony. This objection is probably based upon the theory that the plaintiff had not shown himself qualified to testify as to the market value of the hay.

We think the court properly admitted the testimony; for the plaintiff being the owner of the hay, he was competent to testify as to its value, at the time and place in question, and there was no error in receiving such testimony.

There is considerable evidence in the record as to what were the terms of the lease, and the conditions upon which plaintiff leased the land. Plaintiff testified positively as to what those terms were, and the jury has decided and determined all questions of fact relative to the

terms of the agreement. The evidence further shows that the plaintiff made a proper demand for the value of the hay before commencing his action.

We have examined all the errors assigned, and find no reversible error in the record.

The judgment appealed from is affirmed.

The respondent is entitled to statutory costs and disbursements on appeal.